UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:19-CR-00183-01 |
| | * | |
| VERSUS | * | JUDGE SUMMERHAYS |
| | * | |
| HOLDEN JAMES MATTHEWS | * | MAGISTRATE JUDGE WHITEHURST |

<u>PLEA AGREEMENT</u>

A. INTRODUCTION

1. This document, along with the sealed Addendum and Rule 11 Factual Basis for a Plea of Guilty, contains the complete plea agreement between the government and HOLDEN JAMES MATTHEWS, the Defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms of this plea agreement are binding on the Defendant and the Government only if the Court accepts the Defendant's guilty plea.

B. THE DEFENDANT'S OBLIGATIONS

1. HOLDEN JAMES MATTHEWS shall appear in open court and plead guilty to Counts 1, 2, 3, and 5 of the Indictment pending in this case.

C.  THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees to dismiss the remaining counts of the Indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the Indictment.

2. If the Court accepts this Plea Agreement, and if the defendant pleads guilty and proceeds to sentencing while abiding by the terms of this Plea Agreement, then the government will move pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant will have assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

D.  SENTENCING

HOLDEN JAMES MATTHEWS understands and agrees that:

1. The maximum punishment on Counts 1, 3, and 5 is a term of imprisonment of not more than twenty (20) years (pursuant to 18 U.S.C. § 247(d)(3)) and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571) for each count;

2. The maximum punishment on Count 2 is a mandatory consecutive term of imprisonment of ten (10) years imprisonment (pursuant to 18 U.S.C. § 844 (h)) and

a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571);

3. The defendant shall be required to pay a special assessment of $100 **per count <u>at the time of the guilty plea</u>** by means of a cashier's check, official bank check, or money order payable to Clerk, U.S. District Court;

4. For Counts 1, 2, 3, and 5, the defendant may receive a term of supervised release of not more than three (3) years in length for each count, in addition to any term of imprisonment imposed by the Court;

5. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

6. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

7. In addition to the penalties set forth in the preceding paragraphs, the Court must order restitution in this case, and the defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charges to which the defendant has pled guilty, and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the government and further investigation by the United States Probation Office as contained in the Presentence Report;

8. Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

9. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability to pay restitution or any fine that may be imposed by the Court;

10. The parties further agree that, at sentencing, they will jointly recommend to the Court that whatever sentence shall be imposed by the Court in the instant case shall run concurrently to any sentence imposed on the defendant by the Twenty-Seventh Judicial Court for the Parish of St. Landry, State of Louisiana, in case number 19-K-1624-A. The parties acknowledge that the following state charges are pending against the defendant in the Twenty-First Judicial District Court for the Parish of St. Landry, State of Louisiana, in case number 19-K-1624-A: two counts of Simple Arson (LA R.S. 14:52.1); one count of Aggravated Arson (LA R.S. 14:51); and three counts of Hate Crimes (LA R.S. 14:107.2). The parties further acknowledge that the St. Landry Parish District Attorney's Office (SLPDAO) has stated its intent to resolve these pending state charges in the following manner: if the defendant pleads guilty in state court, then the SPLDAO will seek a sentence no higher than that imposed by the federal court against the defendant in the instant federal case

pending against him, *United States v. Matthews*, 6:19-cr-00183 (W.D.L.A.); and (2) the SPLDAO will ask the state judge to order that the defendant's state sentence is to be served concurrently to any sentence imposed on the defendant for the federal charges. Regardless, the defendant understands and has discussed with his attorney that the United States is not a party to the defendant's agreement with the SLPDAO, and has no authority of any kind to enforce any such agreement. The defendant understands that failure by the SLPDAO to honor its agreement will **not** be grounds for invalidation of this agreement.

11. As part of the presentence investigation, the government will make available to the Court all relevant evidence developed in the investigation of this case;

12. This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

13. The sentencing judge alone will decide what sentence to impose; and

14. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea that is the subject of this agreement.

E.  REINSTATEMENT OF ORIGINAL INDICTMENT

1.  HOLDEN JAMES MATTHEWS understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

F.  ENTIRETY OF AGREEMENT

1.  This plea agreement consists of this document and any addendum required by Standing Order 1.86.  The Defendant, the Defendant's attorney, and the Government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case.  It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.  No other promises have been made or implied.

G.  SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, HOLDEN JAMES MATTHEWS.  I concur in HOLDEN JAMES MATTHEWS pleading guilty as set forth in this plea agreement.

Dated: 1-21-20

D. Talbot
DUSTIN C. TALBOT
Assistant Federal Public Defender
*Attorney for Defendant*

I have read this plea agreement and have discussed it with my attorney.  I fully understand the plea agreement and accept and agree to it without reservation.

I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 1-21-20

HOLDEN JAMES MATTHEWS
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

DAVID C. JOSEPH
United States Attorney

2-10-20
Date

JOHN LUKE WALKER, LA Bar ID 18077
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618

2-10-20
Date

RISA BERKOWER, NY Bar ID 4536538
Trial Attorney
Criminal Section, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington D.C. 20530
Telephone (202) 305-0150